[Civ. No. 15212.   First Dist., Div. One.   Dec. 20, 1951.]

RICHARD AKAMINE, Petitioner, v. DANIEL C. MURPHY, as Sheriff, etc., Respondent

Arthur D. Klang for Petitioner.

Raymond D. Williamson for Respondent.

BRAY, J.—This petition for a writ of mandate raises the question: Is the rule of the San Francisco county jail to the effect that any person who has been released from the county jail may not visit an inmate within 30 days of such release, reasonable as applied to husband and wife under the circumstances of this case?

FACTS

Petitioner and Shirley Akamine are alleged to be husband and wife. They, together with others, were indicted on charges of violating sections 182 and 487 of the Penal Code (conspiracy to commit grand theft and grand theft). A second indictment, apparently for the same offenses, included petitioner but did not include Shirley. Both petitioner and Shirley were confined in the San Francisco county jail under the indictments affecting them respectively. On November 26, 1951, Shirley was released on bail. Petitioner is still confined there. Neither of said defendants has yet been tried. Respondent Murphy, as sheriff, is charged with the responsibility of maintaining the county jail system of San Francisco. A rule of said jail provides that any person who has been released from the county jail may not visit an inmate thereof within 30 days of such release. Repeatedly, within the 30 days (which had not expired at the time of the hearing of this

writ) Shirley has applied to the keeper of the jail for permission to visit her husband, and such permission has been denied solely because of said rule. Neither petitioner nor Shirley has yet been convicted of any charge, are serving any sentence, nor has petitioner or Shirley ever been accused of violating any portion of the state narcotic act. Petitioner contends that his detention is unlawful because by refusing to allow his wife to visit him respondent is imposing upon him cruel and unusual punishment and upon both of them cruel mental torture. Petitioner asks that a writ of mandate issue commanding respondent and his agents to permit Shirley to visit him in the normal manner of any visitor to any other prisoner.

Respondent's answer alleges that the jail in which petitioner is confined is a maximum security one; that among the persons awaiting trial therein are those accused of the most serious offenses; that in addition federal prisoners are confined there; that the conduct of such a jail requires very careful and specific rules; that the rule denying persons who have been inmates the right of visiting co-inmates for 30 days is a reasonable one for the conduct of a maximum security jail; that this rule has been in effect in the San Francisco city and county jails for more than 30 years; that such a rule, or a rule of similar import, has been and now is enforced in most, if not all, of the jails in California; that the respondent's rules have been approved by the United States Department of Justice. The above factual matters mentioned in the respondent's answer are not challenged by petitioner. He, of course, challenges the necessity for, or reasonableness of, such rules. The answer further alleges that such rule is necessary to prevent the fraternizing of those charged with crime by keeping them away from each other for at least 30 days; to avoid the exchange of knowledge while confined in jail that might lead to an attempted escape; to avoid the comparing of knowledge of the physical set-up of the jail, the particularities of the jail routine, and the promptings for an escape; to avoid the getting together of those who have become acquainted with others whom they will aid and abet in an escape, or an attempted escape; to avoid arranging smuggling contraband and narcotics into jail; to avoid the communing with other inmates for financial gain, one to the other; to avoid the contact of a runner for either an attorney or a bail bond broker; to avoid the carrying of messages be-

tween partners in crime or their transmission to or from others who are in hiding from the police, and are or may have been charged with the same offense.

While perhaps not every one of the reasons given for the rule is sound, we are unable to find that the rule is an unreasonable one. The fact that it has existed, apparently unchallenged, in the San Francisco jails for many years, is the rule of most jails in the state, and is approved by the Federal Bureau of Prisons, while not conclusive, is some indication of its reasonableness. Perhaps, in the case of husband and wife, it may work somewhat of a hardship; still that fact alone does not make the rule unreasonable. It is true that after the 30 days have expired a former inmate may visit the jail and attempt to do any of the objectionable acts above-mentioned, but that fact does not make unreasonable the rule limiting that possibility to a reasonable time after his discharge from the jail, and 30 days is a reasonable time. It is well known that, in spite of all restrictions, word passes by ''grapevine'' from prisoner to prisoner, and a regulation which prevents for a limited time a former inmate from returning and perhaps carrying messages to or from one or more prisoners cannot be said to be improper, nor to be an undue restraint upon the prisoners. Courts should, of course, exercise their power to prevent any inhuman or cruel treatment or undue restraint of those unfortunate enough to be confined in jails. But the courts should not hamper officials charged with the duty of maintaining jails and having the custody of those charged with crime, by interfering with long-established regulations which do not appear to be unreasonable.

The alternative writ is discharged and the petition is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.